IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

ANTHONY MORRISON §

VS. § CIVIL ACTION NO. 1:07cv456

JODY R. UPTON §

MEMORANDUM OPINION

Anthony Morrison, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Factual Background

In 1997, petitioner was convicted of voluntary manslaughter in the Superior Court of the District of Columbia. He was sentenced to not less than 8 years or more than 24 years imprisonment.

In 2004, petitioner became eligible for release on parole. After a hearing was conducted, the United States Parole Commission (the "Commission") determined he should not be released on parole and that his release would be reconsidered in three years.[1]

---

[1] On August 5, 1998, the Commission obtained jurisdiction over individuals convicted in the District of Columbia pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997. Pub.L.No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-1231(a).

On March 8, 2007, another hearing was conducted. After the hearing, the Commission again determined petitioner should not be released on parole and that his release on parole should be reconsidered in three years. In support of its conclusion, the Commission stated:

> [A] decision above the Current Total Guideline Range is warranted because your offense behavior involved the following aggravated behavior in the offense. The current behavior involved an unusual degree of cruelty to the victim in that you and your codefendants repeatedly beat the victim about the head and facial areas with bottles, sticks, and pipes. Moreover, the subject suffered for several days before he succumbed to death. Your current behavior is a clear indication that you are not ready for release, in that you violated the rules of the institution by committing a sexual act in the visiting room.

Petitioner subsequently attempted to administratively appeal the decision. The Commission treated petitioner's attempt as a motion to reopen his case and found no basis to do so. The Commission also informed petitioner that its decision could not be appealed administratively.

## Grounds for Review

Petitioner asserts the following grounds for review: (a) he was denied the right to appeal the decision of the Commission and (b) the Commission's decision to depart from his applicable guideline range was improper.

Analysis

*Denial of Appeal*

Petitioner complains that he was not permitted to appeal the Commission's decision. In its Notice of Decision dated March 23, 2007, which informed petitioner he would not be released on parole, the Commission stated: "The above decision is not appealable."

Title 28 C.F.R. § 2.26 grants persons incarcerated for violating the United States Code the right to appeal decisions of the Commission to the National Appeals Board. However, there is no comparable provision for inmates such as petitioner who are incarcerated for violating the District of Columbia Code. Section 2.26 is contained within subpart A of 28 C.F.R. Part 2 and applies only to violators of the United States Code. Subpart C, which applies to violators of the District of Columbia Code contains no similar provision. *Sanders v. Warden, FCI Edgefield*, 2008 WL 4279486 (D.S.C. Sept. 9, 2008); *Perkins v. Hastings*, 2006 WL 2414067 (E.D. Ky. Aug. 18, 2006). As a result, petitioner was not improperly denied the chance to appeal the Commission's decision.

*Departure from Guidelines*

As a result of the Commission's decision to not release him on parole and not hold another hearing for three years, petitioner will be incarcerated in excess of the amount of time provided for in the guidelines used by the Commission for violators of the District of Columbia Code.[2] Petitioner asserts the Commission's decision to depart from the applicable guideline range was arbitrary and capricious.

The Commission has broad discretion in making parole decisions. *Shahid v. Crawford*, 599 F.2d 666 (5th Cir. 1979). Its decisions are subject to review by federal courts only where the decision is so arbitrary and capricious as to be beyond the Commission's discretion. *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir. 1976).

"The Parole Commission guidelines provide instructions for rating the severity of various 'offense behaviors'" *Sheary v. U.S. Parole Commission*, 882 F.2d 556, 558 (5th Cir. 1987).

---

[2] Pursuant to 28 C.F.R. §§ 2.80(g) and (h), the Commission utilizes a base point score as a starting point to determine the customary time a District of Columbia prisoner should serve before being released. The base point score includes a salient factor score, which factors in the number of convictions the prisoner has, as well as factors such as whether the prisoner has a history of violence and whether the offense involved the death of the victim. Pursuant to 28 C.F.R. §§ 2.80(l) and (m), the Commission uses a base point guideline range, the months a prisoner must serve to parole eligibility and the prisoner's behavior while incarcerated to determine the total guideline range of months to be served.

However, 28 C.F.R. § 2.80(n)(1) provides that "[t]he Commission may, in unusual circumstances, grant or deny parole to a prisoner notwithstanding the guidelines. Unusual circumstances are case-specific factors that are not fully taken into account in the guidelines and that are relevant to the grant or denial or parole." Section 2.80(n)(2) lists factors that may warrant a departure above the guidelines. Included in the list is the situation where the conduct involved in the offense constituted unusual cruelty to the victim. The regulation provides that factors that may warrant an upward departure are not limited to the factors set forth in the regulation.

Based on the portion of its decision which is set forth above, the Commission determined an upward departure in petitioner's case was justified because of the unusual cruelty to the victim involved in the offense and because petitioner's failure to abide by institutional rules indicated he was not ready to be released. In light of the provisions of 28 C.F.R. § 2.80, The court is unable to conclude that this decision or the reasoning behind it was arbitrary or capricious or otherwise beyond the Commission's discretion. As a result, this ground for review is without merit.

5

<u>Conclusion</u>

For the reasons set forth above, this petition for writ of habeas corpus will be denied. An appropriate Final Judgment shall be entered.

**SIGNED** this the **11** day of **August, 2009.**

_____
Thad Heartfield
United States District Judge